979 F.2d 215
 NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Douglas A. BROOK, Acting Director, Office of Personnel
Management, Petitioner,
v.
Paul ROATH, Respondent.
 No. 92-3046.
 United States Court of Appeals, Federal Circuit.
 Aug. 25, 1992.
 
 Before ARCHER, Circuit Judge, BENNETT, Senior Circuit Judge, and LOURIE, Circuit Judge.
 ON MOTION
 LOURIE, Circuit Judge.
 
 ORDER
 
 1
 Paul Roath moves to dismiss the Office of Personnel Management's petition for review. OPM opposes. Roath moves to suspend consideration of the motion until the pending petition for rehearing and suggestion for rehearing in banc are decided. OPM agrees. Roath moves for leave to file a reply.
 
 
 2
 On June 9, 1992, this court issued a decision in Bloomer v. Department of Health and Human Services, No. 91-3351. Bloomer concerned the timeliness of the filing of OPM's petition for reconsideration with an arbitrator. The court determined that OPM's petition was untimely, vacated the arbitrator's reconsideration decision, and let stand the arbitrator's original decision. Roath moves to dismiss this petition on the ground that, like Bloomer, OPM's petition for reconsideration filed with the arbitrator was untimely.
 
 
 3
 In response, OPM argues that Bloomer was wrongly decided or in the alternative, that Bloomer should not be applied retroactively. With regard to the latter argument, OPM relies on Devine v. Sutermeister, 724 F.2d 1558 (Fed.Cir.1983) where the court set forth a new rule regarding the timeliness of OPM petitions for reconsiderations, but declined to apply the new rule in that case. In contrast, in Bloomer, the court did apply the rule set forth to the Bloomer case. If the Bloomer panel had declined to apply the rule in that case, we would consider not applying the rule here. However, the rule set forth in Bloomer was applied in Bloomer and it will be applied here.
 
 
 4
 OPM's argument that we should not apply Bloomer because it was wrongly decided is without merit. We note that the petition for rehearing in Bloomer was denied on August 17, 1992. The suggestion for rehearing in banc has not been decided yet. However, we decline to stay consideration of the motion pending the court's ruling thereon.
 
 
 5
 Accordingly,
 
 IT IS ORDERED THAT:
 
 6
 (1) Roath's motion to dismiss is granted.
 
 
 7
 (2) Roath's motion to stay is denied.
 
 
 8
 (3) Roath's motion for leave to file a reply is granted.